IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:11-CV-00214-BO

| | |
|---|---|
| CAPITOL COMMISSION, INC., <br><br>         Plaintiff, <br><br>v. <br><br>CAPITOL MINISTRIES, <br><br>         Defendant. <br><br>CAPITOL MINISTRIES, <br><br>         Third-Party Plaintiff, <br><br>v. <br><br>JOHN E. ANDERSON, JR., GEORGE H. JACKSON, JAMES E. YOUNG, and DANIEL FILE, <br><br>         Third-Party Defendants. | **STIPULATED PROTECTIVE ORDER** |

  Plaintiff Capitol Commission, Inc., Defendant and Third-Party Plaintiff Capitol Ministries, and Third-Party Defendants John E. Anderson, Jr., George H. Jackson, James E. Young, and Daniel File, by affixing their signatures to this document, have agreed to a Protective Order entered by the Court on the terms set forth below.

  It appearing to the Court that the parties have agreed to the terms of an appropriate Protective Order to govern discovery proceedings in this action, it is hereby ORDERED as follows:

  1. Any party hereto producing, or providing documents, testimony, or information, whether in hard copy or electronic form, in response to discovery or any other formal or informal request for information or documents, may mark or designate in good faith as "Confidential" or

"Confidential - Attorneys' Eyes Only" all or any part thereof containing sensitive financial information, trade secret information, or financial or other private information of a third party the producing party wished to protect under this Consent Protective Order.

    a.    The "Confidential - Attorneys' Eyes Only" designation shall only be used as follows:

        i.    Documents containing or providing information regarding current or future ministry strategic planning; or

        ii.    Documents containing names or identities of actual or potential ministry donors or future endorsers or strategic partners.

    b.    For all documents designated "Confidential - Attorneys' Eyes Only" that include some materials that are not highly confidential, the producing party shall also produce a "Confidential" version with the highly confidential material redacted. Redactions shall be strictly limited to specific discussions of ministry strategic plans and donor names and contact information.

    c.    If a receiving attorney can represent that a producing party's donor(s) was also a preexisting donor for the receiving party, then the "Confidential - Attorneys' Eyes Only" designation shall be lowered to "Confidential."

2.    This Order shall apply to all information supplied during discovery in this action that shall be designated by the party or person producing it as "Confidential" or "Confidential - Attorneys' Eyes Only." This Order shall not apply to information that, prior to disclosure, either is properly in the possession or knowledge of the party to whom such disclosure is made or is public knowledge, and the restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to

2

whom such disclosure is made, or that is legitimately acquired from a source not subject to this Order.

3. If an exhibit, pleading, interrogatory answer, admission, production document, or thing, or any other document or thing, contains information considered confidential by a party, or a deposition transcript or other transcript of testimony contains information considered confidential by a party, such pleading, discovery response, exhibit, document, thing, or transcript shall be designated "Confidential" or "Confidential - Attorneys' Eyes Only" by the producing party contending that there is confidential information therein. As to any pleading, exhibit, submission, such designation shall be done page by page.

4. In connection with exhibits, pleadings, interrogatory answers, admission, production documents and things, or other documents or things, the designation "Confidential" or "Confidential - Attorneys' Eyes Only" shall be affixed prior to the production or service of the pleading, document, or thing upon the other party hereto.

5. All documents, or any portion thereof, produced for inspection only (i.e., copies have not yet been provided to the receiving party) shall be deemed "Confidential." Counsel for a party producing documents may mask material deemed privileged or irrelevant to the subject matter of this action, and may thus produce documents for inspection either in a masked or unmasked form; however, any document from which material is masked must indicate on its face the portion masked and the reason for such masking. Further, trial counsel for the party receiving production of any document from which material has been masked for reasons other than privilege shall have the right on request to inspect the original document for redacted material in the most convenient manner available to the parties. When production for inspection is made with unmasked documents, inspection and access to such documents and information

3

contained therein shall be limited to outside litigation counsel identified in paragraph 8. If a copy of any such unmasked document is requested after inspection, the copy may be masked prior to providing it to the requesting counsel on the terms set forth above. In that event, unmasked material and information contained therein shall be deemed "Confidential" only if labeled or marked in conformity with paragraph 2, with access and dissemination limited as set forth in paragraph 8. In the event of any dispute as to the propriety of the redaction, the party objecting to the redaction may submit the issue to the Court for review.

6. Information disclosed at a deposition or other testimony may be designated as "Confidential" or "Confidential - Attorneys' Eyes Only" at the time of such deposition or within twenty (20) days following receipt of the deposition transcript and shall be subject to the provisions of this Order. Additional information disclosed at such depositions or other testimony may be designated as "Confidential" or "Confidential - Attorneys' Eyes Only" by notifying the other party, in writing, within twenty (20) days after receipt of the transcript, of the specific pages of the transcript that should also be designated and treated. All deposition transcripts shall be treated as "Confidential - Attorneys' Eyes Only" for a period of twenty (20) days after receipt of the transcript, and the transcript shall not be disclosed by a non-designating party to persons other than the deponent and those persons named or approved according to paragraph 8 herein to review documents or materials designated "Confidential - Attorneys' Eyes Only" on behalf of that non-designating party.

7. Before filing any information that has been designated "Confidential" or "Confidential - Attorneys' Eyes Only" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the

information so designated desires that the materials be filed under seal, then the filing party shall file the materials under seal in accordance with Local Rule 79.2(e), with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within ten (10) days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information, pursuant to Local Civil Rule 79.2. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

8. The parties shall disclose their respective trial exhibit lists at the times specified in the Court's Scheduling Order. A party may designate as a trial exhibit any document or thing that has been marked as "Confidential" or "Confidential - Attorneys' Eyes Only." If any party objects to another using any as a trial exhibit any document or thing which has been marked as "Confidential" or "Confidential - Attorneys' Eyes Only," the objecting party shall have ten (10) days from the date of disclosure to file an appropriate motion with the Court. If no such motion is filed, the party originally designating the document or thing as "Confidential" or "Confidential

- Attorneys' Eyes Only" will be deemed to have waived the confidentiality designation <u>only</u> for the purpose of the document or thing being used as an exhibit at trial. Failure to object to an item on another party's exhibit list on the grounds that the exhibit has been designated as "Confidential" or "Confidential - Attorneys' Eyes Only" shall not be construed as a concession that the exhibit is otherwise authentic or admissible.

9. All Confidential Information that has been obtained from a party during the course of this proceeding shall be used only for the purpose of this litigation and not for any other business, proceedings, litigation, or other purposes whatsoever. It is, however, understood that counsel for a party may give advice and opinion to his client for the purpose of this litigation based on his evaluation of information designated as "Confidential" or "Confidential - Attorneys' Eyes Only" produced to him by the opposing party provided that such rendering of advice and opinions shall not reveal the content of such information except by prior agreement with opposing counsel.

10. Confidential Information that has been obtained from a party during the course of this proceeding shall not be given, shown, made available, or communicated in any way, except upon the written consent of the party or person supplying the information, to anyone other than as follows:

    (a) For materials designated as "Confidential":

        (1) the parties hereto, including officers or employees of the parties, provided that such officers or employees shall receive such "Confidential" information solely on a "need to know" basis for purposes of prosecuting or defending this litigation and for no other purposes;

6

  (2) counsel for either party, and their paralegals and support staff;

  (3) outside consultants or experts retained for the purposes of assisting counsel in this litigation, which may not include any officers, employees, or agents of a party to this action; and

  (4) the Court, in accordance with the provisions of paragraph 6 above

 (b) For materials designated as "Confidential - Attorneys' Eyes Only":

  (1) counsel for either party, and their paralegals and support staff;

  (2) outside consultants or experts retained for the purposes of assisting counsel in this litigation, which may not include any officers, employees, or agents of a party to this action; and

  (3) the Court, in accordance with the provisions of paragraph 6 above.

11. The individuals identified under paragraph 10(a)(3) and 10(b)(2) having access to information, documents, and things designated as "Confidential" shall be given a copy of this Order prior to being shown such documents and things and/or information, and its provisions shall be explained to them by an attorney. Each such person, prior to having access to such confidential documents and things and/or information, shall agree not to disclose to anyone not exempted by this Order any Confidential Information derived therefrom and not to make use of any such Confidential Information other than solely for the purpose of this litigation, and shall acknowledge in writing, by signing a document in the form of Attachment A attached hereto, that he or she is fully conversant with the terms of this Order and agrees to comply with it and be bound by it. Counsel for such disclosing party shall maintain a complete and current file of such written consents, which file shall be available to the Court in the event of a dispute as to whether any provision of this Order has been violated.

12. Any document designated as "Confidential" or "Confidential - Attorneys' Eyes Only" may be used in the course of any deposition taken of the party producing such document or its employees without consent, or otherwise used in any deposition with the consent of the party producing such document, subject to the condition that when such designated document is so used, the party who made the designation may notify the reporter that the portion of the deposition in any way pertaining to such designated document or any portion of the deposition relevant thereto is being taken pursuant to this Order.

13. In the event that counsel for a non-producing party finds it necessary by reason of subpoena, court order or otherwise to disclose a producing party's Confidential Information to persons other than those persons approved to receive such Confidential Information according to paragraph 8, no less than ten (10) days in advance of such disclosure, that non-producing party's counsel shall notify the producing party's counsel in writing of: (a) the Confidential Information to be disclosed; and (b) the person(s) to whom such disclosure is to be made. The producing party's counsel shall have ten (10) days after receipt of such written notice within which to object in writing to such disclosure and, in the event that objection is made, no disclosure shall be made without Order of Court or as upon such terms as the parties hereto agree.

    a. Any challenge shall be ruled on by the Court prior to disclosure of any "Confidential" or "Confidential - Attorneys' Eyes Only" information.

    b. Nothing in this Paragraph shall be deemed to enlarge or restrict the right of any party to conduct discovery of any expert.

    c. Nothing in this Order shall be construed as requiring: i) that routine outside suppliers of litigation support services such as photocopying, scanning, or coding execute the attached Certificate of Consent; or ii) that the opposing party

8

Case 5:11-cv-00214-BO   Document 46   Filed 04/30/12   Page 8 of 16

utilizing such services must disclose the identity of such service suppliers to the opposing party or counsel.

d. Nothing in this Order shall be construed as requiring that the identity of graphics preparation and presentation consultants, witness preparation consultants, jury consultants, or trial presentation consultants be disclosed to the opposing party or counsel. However, any party utilizing such services is required to have such proposed service provider conduct a conflict check and execute the attached Certificate of Consent.

14. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Confidential - Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designations by the designating party or non-party of any information as "Confidential" or "Confidential - Attorneys' Eyes Only," the parties and any producing non-party shall first try to resolve such disagreement in good faith on an informal basis, such as by production of redacted copies. If the disagreement cannot be resolved on an informal basis, the objecting party may move the Court for an Order modifying the designated status of such information.

15. If a party through inadvertence produces or provides discovery of any Confidential Information without labeling or marking it with the legend "Confidential" or "Confidential - Attorneys' Eyes Only" as provided in this Protective Order, the producing party may give written notice to the receiving party or parties that the document, thing, or other discovery information, response, or testimony contains Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such

9

Case 5:11-cv-00214-BO   Document 46   Filed 04/30/12   Page 9 of 16

notice, and upon receipt of properly marked documents, the receiving party or parties shall return said unmarked documents and things and not retain copies thereof, must treat such documents, things, information, responses and testimony as Confidential Information and shall cooperate in restoring the confidentiality of such Confidential Information. The inadvertent or unintentional disclosure by a party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-producing party is notified and properly marked documents are supplied as provided herein. The receiving party shall not be responsible for the disclosure or other distribution of belatedly-designated Confidential Information as to such disclosure or distribution that may occur prior to the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Protective Order.

16. It is not the intention of this Protective Order to fully address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product, nor to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

17. Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of this immunity or privilege, provided that the producing party shall notify the receiving party in writing of such inadvertent production no later than the first time that the producing party knows or should have known of its use by the receiving party. Such inadvertently produced documents shall be returned to the producing party upon request, provided that the producing party establishes the circumstances surrounding the

documents' inadvertent production. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who has not already been given access to them subsequent to the request to return them. In the event that the receiving party disputes the alleged inadvertent nature of the original production of the privileged materials as asserted by the producing party, the receiving party shall furnish prompt notice to the producing party and the parties shall thereafter attempt to reach agreement concerning this issue within seven (7) days after such notice. In the event that the parties are unable to reach an agreement resolving the disputed issue within the seven (7) day term, then the producing party may petition the Court regarding the matter within ten (10) days thereafter. In the meantime, the non-producing party shall not disclose the document, for which the belated claim of immunity or privilege is being made, to any persons, other than those persons who have had it in their possession prior to receipt of notification from the producing party, until the expiration of the ten (10) day period identified in this paragraph or, if a petition to the Court is submitted, until disposition of that petition. Following expiration of the ten (10) day term, nothing in this Protective Order excludes either party from petitioning the Court for return of later discovered, inadvertently produced work product immunity or attorney/client privileged documents.

18. The terms of the Protective Order are applicable to Confidential Information submitted by a non-party, and Confidential Information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by the Protective Order. To protect its own Confidential Information, a party may ask the non-party to execute a document in the form of Attachment A.

19. Nothing in this Order shall prevent or restrict any person from using or disclosing in any manner its own "Confidential" or "Confidential - Attorneys' Eyes Only" information that

it has produced or disclosed in this litigation. With respect to documents designated "Confidential" or "Confidential - Attorneys' Eyes Only," any person indicated on the face of the document to be its originator, author, or a recipient thereof, may be shown the same.

20. Any person or entity that produces "Confidential" or "Confidential - Attorneys' Eyes Only" information in response to a discovery request or subpoena in this action is intended to be a beneficiary of this Order and may pursue all remedies available for violation thereof. No provision of this Order shall be deemed to require any person or entity not a party to this action to respond to any discovery request or subpoena, except as may otherwise be required by law. Nothing in this Order shall prevent or prohibit any party or non-party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this action.

21. Within sixty (60) days following the conclusion of this litigation, all information designated as Confidential Information shall, upon request, be returned to the producing party, or disposed of pursuant to the instructions of the producing party. Nothing in this Agreement shall prevent Counsel for either party retaining for archival purposes depositions, trial transcripts, or exhibits which do not contain Confidential Information. Counsel may retain one complete set of legal papers containing material designated as "Confidential" or "Confidential - Attorneys' Eyes Only" provided that said legal papers are kept in a separate file clearly marked with the notation: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER."

22. The restrictions provided for above shall not terminate upon the conclusion of this lawsuit, but shall continue until further Order of this Court; provided, however, that this Protective Order shall not be construed:

(a) to prevent any party hereto or its respective counsel from making use of information that was lawfully in its possession prior to the approval by the Court of this Protective Order;

(b) to apply to information that the other party or its counsel lawfully obtains from a third party having the right to disclose such information;

(c) to apply to information developed independently by a party as reflected by written documents; or

(d) to apply to information that is in the public domain before the date of entry of this Order or subsequently becomes part of the public domain through no act of a non-designating party.

23. This Stipulated Protective Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein.

So ORDERED the 28 day of April, 2012.

_____
The Honorable Terrence W. Boyle
United States District Judge for the
Eastern District of North Carolina

13
Case 5:11-cv-00214-BO   Document 46   Filed 04/30/12   Page 13 of 16

CONSENTED TO:

| | | | |
|---|---|---|---|
| **COATS & BENNETT, PLLC** | | **POYNER SPRUILL LLP** | |
| By: | s/Anthony J. Biller<br>Anthony J. Biller<br>N.C. State Bar No. 24117<br>Emily M. Haas<br>N.C. State Bar No. 39,716<br>1400 Crescent Green, Suite 300<br>Cary, NC 27518<br>Telephone: (919) 854-1844<br>Facsimile: (919) 854-2084<br>Email: abiller@coatsandbennett.com<br>       ehaas@coatsandbennett.com<br><br>*COUNSEL FOR PLAINTIFF CAPITOL COMMISSION, INC. and THIRD-PARTY DEFENDANTS JOHN E. ANDERSON, JR., GEORGE H. JACKSON, JAMES E. YOUNG, and DANIEL FILE* | By: | s/ Eric P. Stevens<br>Eric P. Stevens<br>N.C. State Bar No. 17609<br>P.O. Box 1801<br>Raleigh, NC 27602-1801<br>Telephone: 919.783.6400<br>Facsimile: 919.783.1075<br>Email: estevens@poynerspruill.com<br><br>s/ Andrew H. Erteschik<br>Andrew H. Erteschik<br>N.C. State Bar No. 35269<br>P.O. Box 1801<br>Raleigh, NC 27602-1801<br>Telephone: 919.783.6400<br>Facsimile: 919.783.1075<br>Email: aerteschik@poynerspruill.com<br><br>*COUNSEL FOR DEFENDANT CAPITOL MINISTRIES* |

**SWEENEY & GREENE LLP**

By:   s/ Stephen J. Greene, Jr.
      Stephen J. Greene, Jr.
      C.A. State Bar No. 178098
      9381 East Stockton Blvd., Suite 218
      Elk Grove, CA 95624
      Telephone: (916) 753-1300
      Facsimile: (916) 753-1333
      Email: sjg@sweeney-greene.com

      *COUNSEL FOR DEFENDANT*
      *CAPITOL MINISTRIES*

# ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## Case No. 5:11-CV-00214-BO

| | |
|---|---|
| CAPITOL COMMISSION, INC., <br><br> Plaintiff, <br><br> v. <br><br> CAPITOL MINISTRIES, <br><br> Defendant. <br><br> CAPITOL MINISTRIES, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> JOHN E. ANDERSON, JR., GEORGE H. JACKSON, JAMES E. YOUNG, and DANIEL FILE, <br><br> Third-Party Defendants. | **CERTIFICATE OF CONSENT TO BE BOUND BY PROTECTIVE ORDER** |

The undersigned hereby acknowledges that he or she has read the Protective Order entered in this action by the United States District Court for the Eastern District of North Carolina, and that he or she understands the terms thereof and agrees as follows:

1. All information and documents disclosed to the undersigned pursuant to the Protective Order shall be used only in connection with the above-captioned action (the "Litigation") and shall not be used for any business or other purpose.

2. Such information and documents shall be disclosed to and discussed only with the parties' outside counsel and other persons so authorized pursuant to the terms of the Protective Order, who have in accordance with the provisions of the Protective Order executed a similar Certificate of Consent. Neither such documents or information nor information acquired or

extracted from such documents or information will be divulged or made accessible to any other person, company, firm, news organization, or any other person or entity whatsoever, except in compliance with the Protective Order and this Certificate of Consent. This Certificate of Consent does not limit the right of the signatory to testify at trial in this action or to prepare documents or other materials for submission at trial in this action.

3. The undersigned agrees to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of documents or information covered by the Protective Order.

4. The undersigned further agrees to return all information and documents in his or her possession or control (including all abstracts, summaries, descriptions, lists, synopses, pleadings, or other writings reflecting or revealing such information) and covered by the Protective Order, to the attorney from whom he or she received such documents and information within thirty (30) days after the termination of this Litigation, including all appeals, or within thirty (30) days after the undersigned is no longer associated with this Litigation, whichever comes first.

5. The undersigned acknowledges that a violation of the terms of the Protective Order may subject the undersigned and/or his/her employer to sanctions, including, but not limited to, punishment for civil contempt.

Dated: _____

_____
Signature

_____
Printed Name

_____
_____
Address

_____
Employer(s)

2