IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:11-CV-00214-BO

| | | |
|---|---|---|
| CAPITOL COMMISSION, INC., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| CAPITOL MINISTRIES, | ) ) | |
| Defendant. | ) ) | |
| CAPITOL MINISTRIES, | ) ) | **ORDER** |
| Third-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| JOHN E. ANDERSON, JR., GEORGE H. JACKSON, JAMES E. YOUNG, and DANIEL FILE, | ) ) ) ) | |
| Third-Party Defendants. | ) | |

This matter is before the Court on the defendant's motion to seal [DE 132]; plaintiff's consent motion to seal [DE 134]; and defendant's motion to seal [DE 154]. For the following reasons, the defendant's first motion is DENIED, the plaintiff's motion is GRANTED, and the defendant's second motion is GRANTED.

I.  DE 132.

Defendant seeks to maintain deposition exhibit 49, the Capitol Ministries Training Manual, under seal. It argues that the training manual contains confidential and proprietary information used by defendant to train its State Directors, and is essentially a roadmap of how

defendant was formed and how to form a successful ministry. It further claims the manual could provide a source of business information that might harm its competitive standing if made publicly available and therefore should be maintained under seal. *See Woven Elecs. Corp. v. Advanced Group, Inc.*, 930 F.2d 913 at *6 (4th Cir. April 15, 1991) (unpublished). However, here defendant has not made a sufficient showing that its interests override the public right of access under either the common law or First Amendment doctrine of public access. *See Syngenta Crop Prot., Inc. v. E.P.A.*, 2011 WL 3472635 at * 17 (M.D.N.C. Aug. 9, 2011). There is nothing secret or proprietary about defendant's training manual. The contents are hardly unique and would not allow a competitor to copy defendant's specific operations. Defendant has never sought to protect the manual or keep it secret before. Accordingly, defendant's motion to seal deposition exhibit 49 is denied. Further, defendant cannot replace the unsealed version of the training manual already in the record with a sealed version.

II.     DE 134.

The materials plaintiff seeks to have sealed contain confidential financial information and information that might harm plaintiff's competitive standing. The information includes plaintiff's donor names, contact information, and donation amounts, and statements plaintiff considered providing to named legislators, but that it ultimately did not provide. The latter information was gained from a third-party subpoena response and has no relevance to the public with regard to the named individuals therein.

The Court finds that the confidential and proprietary information in the exhibits is sufficiently broad, pervasive and inextricably intertwined with less sensitive information to preclude redaction, removal of pages, or portions thereof, or other procedures to preserve the confidentiality of the documents short of sealing them.

2

The Court finds that the justification for sealing these exhibits outweighs the public interest in access to public court proceedings, particularly because these documents concern, in part, the provision of confidential financial and donor data, and the linking of uninvolved public figures to the case, and the sealing of these exhibits would not harm the public's general understanding of these proceedings. As such, the plaintiff's motion is granted as to DE 134.

III. DE 154.

When documents sought to be sealed do not relate to a dispositive motion, they are subject to a common law right of access by the public, but not the First Amendment right of public access. *Stone v. Univ. of Md. Medical Sys. Corp.*, 855 F.2d 178, 180–81 (4th Cir. 1988). The common law right of access may be overcome when "countervailing interests heavily outweigh the public interest in access." *Va. Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The party seeking to overcome the presumption of access bears the burden of showing a significant interest that outweighs the presumption. *Id.*

Here, both deposition exhibit 121 and the excerpts from the Hammond Report were relied upon in plaintiff and third-party defendants' motion for sanction. Neither document was relied upon in connection with any dispositive motions. Accordingly, the less stringent common law standard for maintaining these documents under seal applies.

Deposition exhibit 121 consists of an intensely personal letter exchange between John Drollinger and his father Ralph Drollinger, neither of whom are parties to this litigation. It contains five pages of highly personal family matters, deeply private feelings and emotional sentiment between a son and father. Because the document is "impertinent and scandalous to one or more persons mentioned in the document" it should be sealed. *In re Knight Publ'g Co.*, 743 F.2d 231, 236 (4th Cir. 1984).

3

The Hammond Report consists of an expert's analysis of the various forms of compensation paid to Ralph Drollinger by the defendant and how they compare to other charitable organizations' compensation models. Defendant argues that revealing the exact dollar amounts of Drollinger and his family's compensation by defendant invades his privacy and therefore the report excerpts at issue here should be maintained under seal. Because this information goes far beyond what a 501(c)(3) organization is required by law to reveal, and because the financial information involves a non-party, this Court agrees.

The Court finds that the justification for sealing these exhibits outweighs the public interest in access to public court proceedings, particularly because these document concern family matters, personal feelings, emotional sentiment between father and son, and detailed private financial information, and the sealing of these exhibits would not harm the public's general understanding of these proceedings. The Court finds that the confidential and proprietary information in the exhibits is sufficiently broad, pervasive and inextricably intertwined with less sensitive information to preclude redaction, removal of pages, or portions thereof, or other procedures to preserve the confidentiality of the documents short of sealing them. As such, the defendant's motion to seal is granted.

## CONCLUSION

For the forgoing reasons, defendant's first motion to seal [DE 132] is DENIED and deposition exhibit 49 is ORDERED to be unsealed. Plaintiff's consent motion to seal [DE 134] is GRANTED, and defendant's second motion to seal [DE 154] is GRANTED.

SO ORDERED.
This the 23 day of September, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE