IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:11-CV-00214-BO

| | |
|---|---|
| CAPITOL COMMISSION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CAPITOL MINISTRIES, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| CAPITOL MINISTRIES, ) | **O R D E R** |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOHN E. ANDERSON, JR., GEORGE ) | |
| H. JACKSON, JAMES E. YOUNG, and ) | |
| DANIEL FILE, ) | |
| ) | |
| Third-Party Defendants. ) | |

This matter is before the Court on the third-party defendants' motion for entry of default against defendant [DE 115] and defendant's motion for leave to file answer to amended counter claims by third-party defendants Anderson and Jackson [DE 121]. For the following reasons, the motion for entry of default judgment is DENIED, and the defendant's motion for leave to file is GRANTED.

## BACKGROUND

Third-party counterclaimants John E. Anderson, Jr. and George H. Jackson filed counterclaims for indemnification against defendant Capitol Ministries on August 2, 2012 [DE

62; 63]. Defendant moved to dismiss the claims on September 6, 2012 [DE 68]. This Court denied defendant's motion on December 12, 2012 [DE 77]. Anderson and Jackson subsequently moved to amend their answer to defendant's third-party complaint [DE 83]. This Court granted that motion on April 4, 2012 [DE 85]. On May 24, 2012, when defendant still had not yet served a responsive pleading to the counterclaims, Anderson and Jackson filed a motion for entry of default judgment [DE 115]. In response, defendant filed a motion for leave to file answer to amended counterclaims on the same day.

## DISCUSSION

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010). The Fourth Circuit has taken an increasingly liberal view of avoiding defaults. *Cincinnati Ins. Co. v. NVR, Inc.*, 2012 WL 6728244 at *1 (W.D.N.C. Dec. 28, 2012). The law strongly disfavors motions for default. *Tazco, Inc. v. Dir., Office of Workers Comp. Program*, 895 F.2d 949, 950 (4th Cir. 1990). When considering an entry of default, courts consider "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). The harsh entry of default is not proper if the mistake was inadvertent, quickly reconciled, and the opposing party suffered no prejudice. *Thompkins v. DOC*, 2012 WL 965956 at *10 (E.D.N.C. March 21, 2012).

Here the mistake was inadvertent as professed by defendant's lawyers. They point to a reasonable electronic internal docketing error in a large and complex case. The defendant was

2

not the cause of the mistake by its lawyers. The mistake was quickly reconciled. The motion for leave to file was submitted within hours of the motion for default. There is no history of past missed filings. Anderson and Jackson have suffered no prejudice. The answer defendants seek leave to file offers nothing that was not already mentioned in the briefs regarding the pending cross motions for summary judgment which have been actively litigated. Defendant has clearly shown good cause for this Court to deny third-party defendants' motion for entry of default and to grant defendant's motion for leave to file answer to amended counterclaims.

## CONCLUSION

For the forgoing reasons, third-party defendants' motion for default judgment [DE 115] is DENIED and defendant's motion for leave to file answer to amended counterclaims is GRANTED. The clerk is directed to file defendant's answer to amended counterclaims by third-party defendants Anderson and Jackson.

SO ORDERED.

This the 25 day of September, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE