IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:11-CV-00214-BO

| | |
|---|---|
| CAPITOL COMMISSION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CAPITOL MINISTRIES, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| CAPITOL MINISTRIES, | ) **O R D E R** |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHN E. ANDERSON, JR., GEORGE | ) |
| H. JACKSON, JAMES E. YOUNG, and | ) |
| DANIEL FILE, | ) |
| | ) |
| Third-Party Defendants. | ) |

This matter is before the Court on third-party plaintiff and former third-party defendants'

cross motions for summary judgment on the counterclaims for indemnity by former third-party

defendants Anderson and Jackson [DE 94, 105]. For the following reasons, third-party plaintiff's

motion is GRANTED and former third-party defendants' motion is DENIED.

## BACKGROUND

Plaintiff brought claims of trademark infringement and cybersquatting against defendant.

Defendant asserted numerous counterclaims against plaintiff and several third-party defendants,

to include George Jackson and John Anderson. Discovery closed on March 29, 2013. After the

close of discovery, defendant amended its counterclaims and dismissed Jackson and Anderson from the suit with prejudice. Jackson and Anderson now move for summary judgment on their claims for indemnification and Capitol Ministries moves for summary judgment on the same.

## DISCUSSION

A motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party must demonstrate the lack of genuine issue of fact for trial and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The Court must view the facts and the inferences drawn from the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Conclusory allegations are insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.") (emphasis in original).

"A party is not required to plead any specific legal theories to state a valid claim for relief, but [is] only required to plead sufficient facts from which it could claim a right of recovery, regardless of the particular legal theory." *Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc.*, 681 F.Supp.2d 694, 723 (S.D. W. Va. 2009). This Court has already found that Jackson and Anderson have pled sufficient facts to support a claim for relief under Cal. Corp. Code § 9246. [DE 77]. The bylaws of Capitol Ministries clearly provide no avenue for indemnification to Jackson and Anderson. As such, the Court need only discuss the facts in relation to California law.

2

California law provides for statutory indemnification in Cal. Corp. Code § 9246. Under the statute, indemnification is provided to a director who is "successful on the merits" of a claim. § 9246(d). Because it is a nonprofit religious corporation, section 9246 applies to Capitol ministries. Jackson and Anderson, as defendant's former directors are eligible to receive indemnification. §9246(a). To obtain indemnification Jackson and Anderson need to show that they were successful on the merits of their claim. They cannot do so.

While not controlling, this Court finds the logic in in *Am. Nat'l Bank & Trust Co. v. Schigur* convincing. 83 Cal. App. 3d 790 (Cal. Ct. App. 1978). In *Schigur*, the California Court of Appeals squarely held when claims against a party seeking indemnity have been voluntarily dismissed, the dismissal cannot be "treated by the court as a determination on the merits." *Id.* at 793. *Schigur* interprets Cal. Corp. Code § 317, part of California's General Corporation Law that has an indemnity section identical to that of § 9246. The court in *Schigur* explained:

The language in the Model Business Corporations Act, from which subdivision (d) was derived, provided for mandatory indemnification to the extent of success "on the merits *or otherwise.*" The expression "or otherwise" does not appear in the California enactment; from this omission we infer a legislative intent that mandatory indemnification should depend on a judicial determination of the actual merits of the agent's defense.

*Id.* (emphasis in original) The *Schigur* court then reversed the trial court's award of indemnification. *Id.* at 794. Jackson and Anderson attempt to convince this Court that *Schigur* should not apply here. The fact that § 9246 was adopted after *Schigur* was decided shows that the legislature was content with the result of *Schigur*, not that it should not apply to § 9246. Although, California requires courts to construe its Nonprofit Religious Corporations Law independent of its General Corporation Law, this Court can easily apply the reasoning of *Schigur* to the matter at hand. There has been no "success on the merits" required for indemnity under §

3

9246 here. Accordingly, Capitol Ministries motion for summary judgment is granted and Jackson and Anderson's motion is denied.

## CONCLUSION

For the forgoing reasons, third-party plaintiff's motion for summary judgment [DE 94] is GRANTED and former third-party defendants' motion for summary judgment [DE 105] is DENIED.

SO ORDERED.

This the **30** day of September, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE