IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:11-CV-00214-BO

| | |
|---|---|
| CAPITOL COMMISSION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CAPITOL MINISTRIES, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| CAPITOL MINISTRIES, ) | **ORDER** |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOHN E. ANDERSON, JR., GEORGE ) | |
| H. JACKSON, JAMES E. YOUNG, and ) | |
| DANIEL FILE, ) | |
| ) | |
| Third-Party Defendants. ) | |

This matter is before the Court on the plaintiff and third-party defendants' motion for sanctions against Ralph Drollinger [DE 149]. For the following reasons, the motion is DENIED.

**BACKGROUND**

Plaintiff brought claims of trademark infringement and cybersquatting against defendant. In a verified pleading, defendant, acting under the direction of its president, Ralph Drollinger, asserted numerous verified counterclaims against plaintiff and four third-party defendants. Drollinger verified the claims. Discovery closed on March 29, 2013. At that time, plaintiff and third-party defendants served notice of Federal Rule of Civil Procedure 11 violations on

Drollinger and defendant for the verified counterclaims. Defendant amended its counterclaims and dismissed two of the third-party defendants. Drollinger did not withdraw his verification and plaintiff and third-party defendants now move for rule 11 sanctions.

## DISCUSSION

A party may avoid sanctions if it "withdraw[s] or appropriately correct[s]" a filing. FED R. CIV. P. 11(c)(2) (2012). "Motions for sanctions are to be filed sparingly." *Thomas v. Treasury Mgmt. Ass'n, Inc.*, 158 F.R.D. 364, 366 (D. Md. 1994).

Here, defendant requested leave to file an amended complaint within the safe-harbor period which this Court granted. This effectively withdrew the factual allegations that form the basis for the Rule 11 motion against Drollinger. Plaintiff and third-party defendants argue that because Drollinger did not separately withdraw his verification of the original counterclaim, they are still entitled to Rule 11 sanctions. This Court disagrees.

Defendant made allegations that it believed to be true in its original counterclaim and based those allegations on the verification of Drollinger. Drollinger at that time believed those allegations to be true. After discovery when the opposing party disputed the truth of the allegations and pointed out the lack of a factual basis to support them, defendant quickly acted to withdraw all of the disputed pleadings and dismiss appropriate parties from the suit. There has been no determination by a fact-finder as to the truthfulness of the original pleadings. Indeed, there never will be as all of the claims based on the disputed facts have been withdrawn. In light of precedential desire to grant sanctions sparingly, this Court does not find that sanctions are appropriate here. Defendant filed the original counterclaims and claims against the third-party defendants in good faith. It abided by the spirit and letter of Rule 11 in withdrawing all of the contested claims. Although the Fourth Circuit treats a verified pleading as equivalent to an

2

affidavit, *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991), defendant does not rely on the verified pleading other than to contest third-party defendants' motion for summary judgment on their counterclaim for indemnity. Even then, it only relies on pleading to the extent that it serves as a basis for having brought the original claim, that defendant voluntarily dismissed with prejudice. Although plaintiff argues that this is a distinction without a difference, this Court disagrees. Sanctions are not appropriate at this stage in this suit under these circumstances. Accordingly, plaintiff and third-party defendants' motion for sanctions is denied.

## CONCLUSION

For the forgoing reasons, plaintiff and third-party defendants' motion for sanctions [DE 149] is DENIED.

SO ORDERED.

This the 30 day of September, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE