IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:11-CV-214-BO

| | |
|---|---|
| CAPITOL COMMISSION, INC., ) | |
| Plaintiff, ) | |
| vs. ) | |
| CAPITOL MINISTRIES, ) | |
| Defendant. ) | |
| CAPITOL MINISTRIES, ) | **ORDER** |
| Third-Party Plaintiff, ) | |
| vs. ) | |
| JOHN E. ANDERSON, JR., GEORGE ) H. JACKSON, JAMES E. YOUNG, and ) DANIEL FILE, ) | |
| Third-Party Defendants. ) | |

This matter is before the Court on the plaintiff's submission for reasonable fees in response to the Court's award of attorney's fees [DE 187]. For the following reasons, plaintiff's submission is DENIED.

## BACKGROUND

Plaintiff brought claims of trademark infringement and cybersquatting against defendant. Defendant filed a counterclaim and third-party complaint, asserting twelve causes of action. At summary judgment, this Court found in favor of plaintiff on all claims and *sua sponte* awarded plaintiff its attorney's fees but did not specify the grounds for the award. This Court also ruled in

favor of third-party defendants on summary judgment. Final Judgment was entered on October 2, 2013. On October 4, 2013 defendant appealed. In response to the Court's grant of attorney's fees, plaintiff now submits its request as to the reasonable amount of its fees.

## DISCUSSION

Defendant respectfully requested that the Court reconsider its award of attorney's fees and deny plaintiff's request in its entirety. After a careful review of the record and consideration of the parties' arguments, the Court agrees that an award of attorney's fees is not appropriate in this case.

I. PLAINTIFF'S LANHAM ACT CLAIMS.

The primary claims and defenses to this litigation were based upon the Federal Lanham Act. Section 35(a) of the Lanham Act authorizes a district court, in "exceptional cases" involving trademark infringement or cybersquatting, to "award reasonable attorney fees to the prevailing party." 15 U.S.C § 1117(a). The Fourth Circuit defines the exceptional case as one in which "the defendant's conduct was malicious, fraudulent, wilful or deliberate in nature." *Retail Servs. v. Freebies Publ'g*, 364 F.3d 535, 550 (4th Cir. 2004). "Generally, an 'exceptional case' is one where the defendant's conduct was in 'bad faith.'" *Ray Communications, Inc. v. Clear Channel Communications*, 2011 U.S. Dist. LEXIS 82949 *6 (E.D.N.C. Jul. 26, 2011). The analysis of whether a defendant's behavior was in "bad faith" focuses on whether the defendant's actions underlying the trademark infringement meet the *Freebies* standard. *Id.*

This Court agrees with defendant that this case is not "exceptional." Although, the Court found that plaintiff's mark was strong, that defendant was using an identical mark to offer similar goods and services to the same consumers, and that defendant intentionally used plaintiff's mark in domain names to divert plaintiff's donors to defendant [DE 178 pp 3–5], those facts alone are

2

not enough to make a case exceptional. Defendant correctly asserts that the United States Patent and Trademark Office initially ruled that "Capitol Commission" was not registrable as a trademark on June 5, 2011 and the USPTO did not approve the mark until August 13, 2013. Throughout that time period, defendant consistently asserted that the then unregistered "Capitol Commission" was not protectable as a service mark. Until August 13, 2013, that position was consistent with the USTPO. Therefore, defendant's actions are best adjudged to have been not made in bad faith but consistent with what it thought was permissible, although ultimately the Court disagreed. Additionally, although the Court adjudged that defendant engaged in cybersquatting, this does not establish that plaintiff is entitled to an award of attorney's fees. *See People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 370 (4th Cir. 2001) (holding that a finding of bad faith under the ACPA does not compel a finding of bad faith for purposes of 15 U.S.C. § 1117).

II. DEFENDANT'S LANHAM ACT COUNTERCLAIMS.

Plaintiff argues that defendant's counterclaims also represent an "exceptional case" under the Lanham Act and it is deserving of its attorney's fees associated with defending against the counterclaims. The Court's analysis here is subtly changed from the analysis above. An analysis of "bad faith" on the part of a trademark infringement plaintiff does not focus on the actions underlying the trademark infringement, but rather the plaintiff's litigation conduct. *Ray Communications*, 2011 U.S. Dist. LEXIS 82949 at *6. "[T]he good faith, but ultimately unsuccessful, assertion of a questionable claim or controversial legal theory does not suffice to warrant an award of attorney's fees, even if it turns out to be expensive for the prevailing party." *Daesang Corp. v. Rhee Bros., Inc.*, 2005 U.S. Dist. LEXIS 9066 *45 (D. Md. May 13, 2005).

3

Here defendant responded to plaintiff's suit by filing a suit of its own alleging that "Capitol Commission" was an infringement of its own mark, "Capitol Ministries." Although the Court ultimately disagreed with defendant, it was clearly a cognizable counterclaim especially in light of the USTPO's prior decisions. Plaintiff also contends that it is entitled to fees for its defense against defendant's trade dress claims. Here again, although ultimately unsuccessful, defendant articulated a cognizable claim and its position was supported to some degree by the law. Therefore defendant's counterclaims do not represent an "exceptional" case deserving of an award of attorney's fees.

### III. DEFENDANT'S TRADE SECRET MISAPPROPRIATION CLAIM.

Plaintiff argues that attorney's fees should be awarded because defendant asserted its claim for trade secret misappropriation in bad faith. Here, defendant again presented a cognizable legal argument supported by evidence and law that was ultimately rejected by this Court. Therefore defendant had a good faith reason to bring the counterclaim and it cannot form the basis for a fee award.

### IV. DEFENDANT'S REMAINING COUNTERCLAIMS.

Defendant's claim for unfair trade practices is governed by the California Unfair Competition Law ("UCL"). [DE 178 at 8]. The UCL does not include a fee-shifting provision and it is well-settled that "[t]he UCL does not authorize an award of attorney fees." *People ex rel. City of Santa Monica v. Gabriel*, 186 Cal. App. 4th 882, 891 (2010). Similarly defendant's claims for interference with prospective advantage, conversion, and trespass are common law claims which are not based on statutes which allow a prevailing defendant to recover attorney's fees.

## V. THE COURT'S INHERENT AUTHORITY.

Although the Court is vested with inherent authority to award attorney's fees, the standard governing such an award is more stringent that the "bad faith" standard for recovery under statutory fee shifting provisions. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–51 (1991). The Supreme Court in *Chambers* found that courts "may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45–46 (quotations omitted).

Plaintiff has listed several occurrences in this litigation to support its invocation of the Court's inherent power. A review of these incidents, however, demonstrates that defendant has not acted in a way that justifies the Court exercising its power to sanction defendant by award of attorney's fees.

\* \* \*

A complete review of the record in this case shows that there is no basis for an award of attorney's fees. Accordingly, the Court rescinds its earlier grant of fees to plaintiff and denies plaintiff's submission of fees. No fees are awarded in this case.

## CONCLUSION

For the forgoing reasons, plaintiff's submission [DE 187] is DENIED. NO attorney's fees are awarded.

SO ORDERED.

This the __18__ day of December, 2013.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE